IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAKINA CARBIDE,

        Plaintiff,

vs.

VITALANT, a corporation,

        Defendant.

## COMPLAINT

1. Plaintiff Sakina Carbide seeks damages for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and implementing FCC regulations, and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), by Vitalant.

2. Plaintiff complains that Defendant placed numerous unwanted calls to Plaintiff's cell phone using a pre-recorded or computer-generated voice, invading her privacy and causing the loss of time and effort.

3. In the early 1990s, Congress enacted the TCPA to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4. From January 2021 until June 2021 alone, approximately 26.4 billion robocalls were placed in the United States. Robocallindex.com, YouMail Robocall Index, https://robocallindex.com/history /time last visited July 13, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

6. Venue in this District is proper because Plaintiff was impacted by Defendant's calls here.

7. Article III is satisfied by multiple unwanted cell phone calls. *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020).

### PARTIES

8. Plaintiff Sakina Carbide is a citizen of Illinois and an attorney . She is the principal user and subscriber of a cell phone assigned the number 847*******. It is used for both personal and business purposes.

9. Defendant Vitalant is a not-for-profit corporation organized under the law of Arizona. It does business in Illinois. Its registered agent and office is National Registered Agents, Inc., 208 S. La Salle St., Suite 814, Chicago, IL 60604-1101. Its principal place of business is located at 9305 E. Via De Ventura, Scottsdale, AZ 85258.

### FACTS

10. Plaintiff once offered to donate blood to Defendant, but was found unsuitable by Defendant.

11. Since that time Plaintiff was bombarded with calls and emails seeking blood donations.

12. Plaintiff requested that the calls and emails stop.

13. The emails stopped. However, the calls did not stop. Plaintiff receives calls several times per week.

14. If Plaintiff answers, a computer generated message is played to her.

15. A number of calls went into Plaintiff's voicemail. Transcriptions are attached as Exhibit A.

16. Some of the calls involved prerecorded or computer generated messages which were garbled as a result of malfunction of the device used to deploy them, such as those for July 31, 2024, April 14, 2025, April 27, 2025, July 9, 2025, July 14, 2025, August 6, 2025, August 18, 2025,

August 20, 2025, August 25, 2025, and August 28, 2025.

17. As a result of Defendant's actions, Plaintiff suffered monetary and other damages and injury, including:

    a. Interruption of her business, costing time and money;

    b. Compromise of the use and enjoyment of her phone;

    c. Plaintiff's cell phone was unusable for the duration of the calls.

    d. Consumption of electricity;

    e. Harassment and annoyance;

    f. Plaintiff's statutory right of privacy was invaded.

## **COUNT I – TELEPHONE CONSUMER PROTECTION ACT**

18. Plaintiff incorporates paragraphs 1-17.

19. By placing calls to Plaintiff's cell phone using an artificial or prerecorded voice, Defendant violated 47 U.S.C. §227(b), which provides:

(b) Restrictions on use of automated telephone equipment

    (1) Prohibitions

    It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

    (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— . . .

    (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States; . . .

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendants for:

    (1) Statutory damages;

      (2)    An injunction against further calls to Plaintiff's cell phone number;

      (3)    Costs of suit;

      (4)    Such other and further relief as the Court deems proper.

## COUNT II -- ILLINOIS CONSUMER FRAUD ACT

20. Plaintiff incorporates paragraphs 1-17.

21. Defendant engaged in unfair practices, in violation of 815 ILCS 505/2, by repeatedly calling Plaintiff using a prerecorded or computer-generated voice after Plaintiff told Defendant to cease.

22. Defendant's conduct is contrary to public policy as expressed in the TCPA and regulations.

23. Defendant's conduct occurred in the course of trade and commerce.

24. Defendant's conduct caused monetary and other loss to Plaintiff, as described above.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

      (1)    Actual damages;

      (2)    Punitive damages;

      (3)    An injunction against further illegal calls;

      (4)    Attorney's fees, litigation expenses and costs of suit;

      (5)    Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Heather Kolbus (ARDC 6278239 )
Caileen M. Crecco (ARDC 6343265)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**

20 South Clark Street, Suite 1800
Chicago, IL 60603-1841
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ *Daniel A. Edelman*
Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiffs, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

/s/ *Daniel A. Edelman*
Daniel A. Edelman

T:\41947\Pleading\Complaint_Pleading.WPD